UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAN MCCALLUM, | : | CIVIL NO: 4:13-CV-00266 |
| | : | |
| Plaintiff | : | |
| | : | (Judge Brann) |
| v. | : | |
| | : | (Magistrate Judge Schwab) |
| THOMAS W. CORBETT, *et al.,* | : | |
| | : | |
| Defendants | : | |
| | : | |

## REPORT AND RECOMMENDATION

### I.  Introduction.

Currently pending is the defendants' motion to dismiss the amended complaint, which raises due process and Eighth Amendment claims regarding state forfeiture proceedings.  Because the plaintiff's claims are barred by the statute of limitations, we recommend that the motion to dismiss be granted.

### II.  Background and Procedural History.

The plaintiff, Dan McCallum, commenced this action by filing a complaint claiming that the Commonwealth of Pennsylvania violated his constitutional rights in connection with the forfeiture of his property.  We screened the complaint in accordance with 28 U.S.C. § 1915A, and concluding that the claim against the Commonwealth of Pennsylvania was barred by the Eleventh Amendment, we

recommended that the complaint be dismissed but that McCallum be granted leave to file an amended complaint. Judge Brann adopted our Report and Recommendation, and he remanded the case to the undersigned for further proceedings.

McCallum filed an amended complaint naming the following individuals as defendants: (1) Thomas W. Corbett, the former Attorney General of Pennsylvania;[1] (2) Robert B. Stewart, III, a deputy attorney general; (3) Trooper Tyson Havens; and (4) Trooper Susan E. Clark. Although McCallum is currently incarcerated in New Jersey, he complains about events that happened in Pennsylvania before he was incarcerated.

McCallum alleges that in January of 2008, Trooper Clark stopped the vehicle in which he was a passenger because the vehicle was speeding. Even though the driver of the vehicle did not consent to a search, another trooper used a K-9 to search the interior of the vehicle. After money was discovered in the driver's pocket and shoe, McCallum was directed to exit the vehicle. McCallum was then ordered to empty his pockets, and he removed $1,316.00 from his pockets. He was then patted down, and a brick of heroin was discovered in his sleeve. The heroin and money were seized.

---

[1] Although Corbett became the Governor of Pennsylvania in January of 2011, McCallum identifies him as the Attorney General of Pennsylvania, and McCallum is complaining about events that occurred when Corbett was the Attorney General.

McCallum was involved in a second incident in June of 2008. McCallum alleges that during that incident, which occurred outside of an apartment in Williamsport, Trooper Havens asked him if he was in the area to sell heroin, and McCallum said that he was not. Havens then patted McCallum down and removed $1,595.00 in cash from his pocket. Although Havens seized the cash, it was not placed into evidence until McCallum filed a complaint with the Public Defender's Office.

McCallum alleges that he was charged with possession of controlled substances. According to McCallum, those charges were later dismissed, however, due to violations of the Fourth Amendment and due process. Although McCallum alleges that the state charges were dismissed, he also alleges that the case was never *nolle prossed*. He further alleges that the deputy attorney general tried to transfer the matter to federal authorities for prosecution, but federal authorities refused to prosecute.

McCallum alleges that in September of 2009, he received a forfeiture complaint apparently addressing both sums of cash that had been seized. According to McCallum, he did not understand how to respond to the forfeiture complaint so he wrote to the Clerk of the Court of Common Pleas, who responded that the criminal cases are still pending and that McCallum should contact an attorney.

The allegations in the complaint about the forfeiture proceedings are not clear.  McCallum alleges that he filed a notice of appeal in April of 2010.  Confusingly, McCallum alleges both that the appeal was granted and that it was dismissed.  He also alleges that he was informed by the Superior Court of Pennsylvania that the case had been sent back to the lower court.  According to McCallum, the lower court concluded that the matter was time barred.

While the allegations regarding the forfeiture proceedings are confusing, the documents that McCallum attached to his amended complaint as well as the dockets sheets from the Superior Court, the Commonwealth Court, and the Supreme Court of Pennsylvania involving McCallum's appeal in the forfeiture action shed light on what happened.[2]  McCallum attached to his amended

---

[2] The court may take judicial notice of adjudicative facts that are not subject to reasonable dispute because they are "generally known within the trial court's territorial jurisdiction" or because they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed.R.Evid. 201(b)(2).  The dockets in McCallum's appeal of the forfeiture action are public records of which we can take judicial notice. *See Wilson v. McVey*, 579 F. Supp. 2d 685, 688 (M.D. Pa. 2008)(taking judicial notice of court docket); *S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd.*, 181 F.3d 410, 426 (3d Cir. 1999)(stating that court "may take judicial notice of another court's opinion—not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity").

complaint a letter to him from defendant Stewart. *Doc. 18* at 2.  In that letter, Stewart states that McCallum failed to file an answer to the petition for forfeiture, and the court entered an order of forfeiture on February 8, 2010. *Id.*  Stewart also stated that he attached a copy of the order of forfeiture to his letter. *Id.*

McCallum also attached to his amended complaint an Order dated April 6, 2010, from the Superior Court of Pennsylvania transferring McCallum's appeal to the Commonwealth Court of Pennsylvania. *Doc. 18* at 3.  In addition, he attached an Order dated May 6, 2010, from the Commonwealth Court dismissing his appeal, and a letter, dated May 18, 2010, from the Prothonotary of the Commonwealth Court stating: "The court directed appellant to serve his Notice of Appeal on the trial judge and, as it never received that proof of service, dismissed the case." *Doc. 18* at 4 & 6.

McCallum also attached to his amended complaint a petition that he filed, dated September of 2012, for leave to file a petition for allowance of appeal *nunc pro tunc*. *Doc. 18* at 13.  The Pennsylvania Supreme Court denied that petition in October of 2012. *See Docket in Commonwealth v. $3,892.00 U.S. Currency,* 159 MM 2012 (Pa.).[3]

---

[3] The docket sheets from the Commonwealth Court, the Superior Court, and the Supreme Court of Pennsylvania regarding McCallum's appeals in the forfeiture action are available on the website of the Unified Judicial System of Pennsylvania: http://ujsportal.pacourts.us.  The docket sheet from the forfeiture action in Court of Common Pleas is not available online.

According to McCallum, he has no other available remedy to recover the money seized and forfeited by the Commonwealth.  He claims that Pennsylvania's forfeiture remedies are constitutionally inadequate, that he filed all available motions for the return of his property, but that he has been unsuccessful in getting his property back.  He contends that the forfeiture of his property after the charges against him were dismissed or cleared violates his constitutional rights.  He asserts procedural due process and substantive due process claims.  Although not set forth as a separate claim, he also claims that the defendants violated the Eighth Amendment Excessive Fines Clause.  He is seeking a declaratory judgment and the return of the money seized from him.

## III. Discussion.

### A.  Motion to Dismiss and Pleading Standards.

In accordance with Fed.R.Civ.P. 12(b)(6), the court may dismiss a complaint for "failure to state a claim upon which relief can be granted."  When reviewing a motion to dismiss, "[w]e must accept all factual allegations in the complaint as true, construe the complaint in the light favorable to the plaintiff, and ultimately determine whether plaintiff may be entitled to relief under any reasonable reading of the complaint." *Mayer v. Belichick*, 605 F.3d 223, 229 (3d Cir. 2010).  In making that determination, we "consider only the complaint, exhibits attached to

the complaint, matters of public record, as well as undisputedly authentic documents if the [plaintiff's] claims are based upon these documents." *Id.* at 230. "A Rule 12(b)(6) motion tests the sufficiency of the complaint against the pleading requirements of Rule 8(a)." *I.H. ex rel. D.S. v. Cumberland Valley Sch. Dist.*, 842 F. Supp. 2d 762, 769-70 (M.D. Pa. 2012).  "Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 677-78 (2009).  The statement required by Rule 8(a)(2) must give the defendant fair notice of what the plaintiff's claim is and of the grounds upon which it rests. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007).  Detailed factual allegations are not required, but more is required than labels, conclusions, and a formulaic recitation of the elements of a cause of action. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)*.*  "In other words, a complaint must do more than allege the plaintiff's entitlement to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009).  "A complaint has to "show" such an entitlement with its facts." *Id.*

In considering whether a complaint fails to state a claim upon which relief can be granted, the court must accept as true all well-pleaded factual allegations in the complaint, and all reasonable inferences that can be drawn from the complaint are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox Rothschild, O'Brien & Frankel, Inc.,* 20 F.3d 1250, 1261 (3d Cir. 1994).  A court,

however, "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997). Additionally, a court need not "assume that a . . . plaintiff can prove facts that the . . . plaintiff has not alleged." *Associated Gen. Contractors of Cal. v. California State Council of Carpenters,* 459 U.S. 519, 526 (1983).

Following *Twombly* and *Iqbal,* a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, it must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation. In practice, consideration of the legal sufficiency of a complaint entails a three-step analysis:

> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

*Santiago v. Warminster Tp.,* 629 F.3d 121, 130 (3d Cir. 2010)(quoting *Iqbal,* 556 U.S. at 675 & 679).

A complaint filed by a *pro se* litigant is to be liberally construed and "'however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson,* 551 U.S. at 94 (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). Nevertheless, "pro se litigants still must allege

sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).  Thus, a well-pleaded complaint must contain more than mere legal labels and conclusions.  Rather, a *pro se* complaint must recite factual allegations that are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action.

### B.  McCallum's Claims Are Barred by the Statute of Limitations.

McCallum's claims are brought pursuant to 42 U.S.C. § 1983. "Section 1983 imposes civil liability upon any person who, acting under the color of state law, deprives another individual of any rights, privileges, or immunities secured by the Constitution or laws of the United States." *Shuman v. Penn Manor School Dist.*, 422 F.3d 141, 146 (3d Cir. 2005).  Section 1983 "does not create any new substantive rights but instead provides a remedy for the violation of a federal constitutional or statutory right." *Id.*  Section 1983 requires "'both a deprivation of a federally protected right and that this deprivation was committed by one acting under color of state law.'" *Woloszyn v. County of Lawrence*, 396 F.3d 314, 319 (3d Cir. 2005)(quoting *Lake v. Arnold*, 112 F.3d 682, 689 (3d Cir. 1997)).

The defendants contend that McCallum's claims are bared by the statute of limitations.  The statute of limitations is an affirmative defense and the burden of establishing its applicability rests with the defendants. *Bradford-White Corp. v.*

*Ernst & Whinney*, 872 F.2d 1153, 1161 (3d Cir. 1989).  Nevertheless, a motion to dismiss may be granted on the basis of the statute of limitations if "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." *Bethel v. Jendoco Construction Corp.,* 570 F.2d 1168, 1174 (3d Cir. 1978)(motion to dismiss); 5A Wright & Miller, *Federal Practice and Procedure* §1368 (2d ed. 1990)("If the affirmative defense clearly is established in the pleadings, as, for example, when a statute of limitations defense is apparent on the face of the complaint and no question of fact exists, then a judgment on the pleadings may be appropriate.").

"A section 1983 claim is characterized as a personal-injury claim and thus is governed by the applicable state's statute of limitations for personal-injury claims." *Dique v. New Jersey State Police*, 603 F.3d 181, 185 (3d Cir. 2010).  Pennsylvania, the applicable state in this case, mandates a two-year statute of limitations for personal injury claims. 42 Pa.C.S. § 5524(2).  Thus, a § 1983 claim arising in Pennsylvania is subject to a two-year statute of limitations. *Fitzgerald v. Larson*, 769 F.2d 160, 162 (3d Cir. 1985).

Federal law governs when a cause of action accrues. *Dique*, 603 F.3d at 185. A § 1983 cause of action "'accrues, and the statute of limitations commences to run, when the wrongful act or omission results in damages.'" *Id.* at 185-86 (quoting *Wallace v. Kato*, 549 U.S. 384, 391 (2007)).  In other words, the cause of

action accrues "when the plaintiff has 'a complete and present cause of action,' that is, when 'the plaintiff can file suit and obtain relief.'" *Wallace*, 549 U.S. at 388 (citations omitted).  On the other hand, "[s]tate law, unless inconsistent with federal law, . . . governs the concomitant issue of whether a limitations period should be tolled." *Dique,* 603 F.3d at 185.

Although the general rule is that the statute of limitations begins to run as soon as a right to institute and maintain suit arises, "Pennsylvania law recognizes that 'in some circumstances, although the right to institute suit may arise, a party may not, despite the exercise of diligence, reasonably discover that he has been injured.'" *Haugh v. Allstate Ins. Co.,* 322 F.3d 227, 231 (3d Cir. 2003)(quoting *Crouse v. Cyclops Industries,* 745 A.2d 606, 611 (Pa. 2000)).  Under Pennsylvania law, the statute of limitations may be tolled by the discovery rule. *Mest v. Cabot Corp.,* 449 F.3d 502, 510 (3d Cir. 2006).  "The discovery rule tolls the accrual of the statute of limitations when a plaintiff is unable, *"despite the exercise of due diligence,* to know of the injury or its cause." *Id.* (emphasis in original)(quoting *Pocono Int'l Raceway, Inc. v. Pocono Produce, Inc.*, 468 A.2d 468, 471 (Pa. 1983)).  "Under the rule, even if a plaintiff suffers an injury, the statute of limitations does not begin to run until 'the plaintiff knows, or reasonably should know, (1) that he has been injured, and (2) that his injury has been caused by another party's conduct.'" *Id.* (quoting *Debiec v. Cabot Corp.,* 352 F.3d 117, 129

11

(3d Cir. 2003)).  But "[f]or the statute of limitations to run, a plaintiff need not know the 'exact nature' of his injury, as long as it objectively appears that the plaintiff 'is reasonably charged with the knowledge that he has an injury caused by another.'" *Id.* at 510-11 (quoting *Ackler v. Raymark Indus., Inc.,* 551 A.2d 291, 293 (Pa.Super.Ct. 1988)); *see also Brawner v. Educ. Mgmt. Corp.,* 513 F. App'x 148, 151 (3d Cir. 2013) (stating that knowledge of every fact necessary to succeed on a claim is not required to trigger the accrual period).

The defendants contend that the statute of limitations as to McCallum's claims began to run on May 18, 2010, at the close of the forfeiture proceedings. *See Palmer v. City of Harrisburg,* 276 F. App'x 105, 107 (3d Cir. 2008) (concluding that the district court properly determined that cause of action based on forfeiture accrued on date vehicle was returned and forfeiture action was dismissed).  Here, based on the facts alleged in the amended complaint and the documents attached to the amended complaint, it is apparent that McCallum knew that he had been injured by the forfeiture at the latest in 2010.  He attached to his complaint documents from 2010 addressed to him that indicate that his appeal in the forfeiture action had been dismissed in 2010, which is more than two years before he filed this action.  McCallum does not argue that he did not receive those documents in 2010.  Thus, the discovery rule does not afford McCallum relief from the statute of limitations.

McCallum argues, however, that the statute of limitations should not begin to run until after he finished exhausting his state remedies and until the final decision of the high court.  It appears that McCallum is suggesting that the statute of limitations should not begin to run until the Pennsylvania Supreme Court decided his petition for allowance of appeal *nunc pro tunc,* which was filed in September of 2012 and which was denied in October of 2012.  But McCallum has not presented any case law or any basis for the court to conclude that the statute of limitations did not begin to run until the Pennsylvania Supreme Court decided his petition for allowance of appeal *nunc pro tunc*, which was filed more than two years after the decision of the Commonwealth Court dismissing his appeal.  Were we to accept McCallum's argument, a plaintiff could unilaterally extend the statute of limitations simply by filing a petition for allowance of appeal *nunc pro tunc* at any time.  That would defeat the purposes of a statute of limitations.

We conclude that the statute of limitations began to run at the latest when the forfeiture proceedings were final, which was when the Commonwealth Court dismissed McCallum's appeal in May of 2010.  Because that was more than two years before McCallum filed this action, McCallum's claims are barred by the statute of limitations.

## C.  Leave to Amend.

"[I]f a complaint is subject to a Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips v. County of Allegheny,* 515 F.3d 224, 245 (3d Cir. 2008).  In this case, because McCallum's claims are barred by the statute of limitations, amendment would be futile.

## IV.  Recommendations.

Accordingly, for the foregoing reasons, it is recommended that the motion (doc. 25) to dismiss the amended complaint be granted and that the case be dismissed.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her

discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 29th day of May, 2014.


                                        ***S/Susan E. Schwab***
                                        Susan E. Schwab
                                        United States Magistrate Judge